UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROBERT CROOMS, JR.**  CIVIL ACTION NO. 6:18-CV-00303

**VS.**  SECTION P

UNASSIGNED DISTRICT JUDGE

**WARDEN VERMILION**  MAGISTRATE JUDGE PATRICK HANNA
**PARISH CORRECTIONAL CENTER**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Crooms, Jr., proceeding *in forma pauperis*, filed the instant Petitioner for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2241, on March 5, 2018. [Doc. 1] He is incarcerated at the Vermilion Parish Jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Petitioner is a pre-trial detainee, currently incarcerated at the Vermilion Parish Jail. He is challenging "extradition by state of TX, Federal Bureau of Investigation, State of La." [Rec. Doc. 4, p. 2, ¶ 5.] He makes the following claims: (1) he is a victim of an incident inside the prison and officials have "done nothing;" (2) arguing right to privacy, he alleges that state and federal authorities have seized his personal papers and effects, without warrant,

which has handicapped his defense; (3) as a pro se litigant, the 15th Judicial District Court denied 98% of his motions, without reason, and the Jackson Parish Correctional Center denied him access to law materials; and (4) bonds on current charges are excessive and he has been denied medical treatment. *Id.* at pp. 6-8.

In his request for relief, petitioner asks this Court to grant a one year delay to allow him "adequate time to afford attorney under any conditions of the Court." *Id.* at p. 8, ¶ 15.

Petitioner has also filed numerous motions, which are pending before this Court: (1) Motion to Preserve Rights [Rec. Doc. 6]; (2) Motion for Status Hearing of Pre-Trial Investigation and Motion to Rebut Pre-Conspiracy [Rec. Doc. 7]; Motion for Stay Order [Rec. Doc. 8]; Motion for Pre-Trial Exoneration [Rec. Doc. 9]; and Motion to Seal Documents [Rec. Doc. 11].

## *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Abstention

Through the filing of the Petition for Habeas Corpus, as well as the various other motions, Petitioner asks this Court to intervene in the state criminal proceedings. The *Younger* Doctrine prohibits the type of intervention requested by plaintiff.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to intervene in state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996). If those factors are satisfied, then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad

faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49; *Trainor v. Hernandez,* 431 U.S. 434, 446 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984).

Plaintiff is clearly the subject of an "ongoing state judicial proceeding." Further, the State of Louisiana has an important state interest in the subject matter of the proceeding and Louisiana law affords plaintiff with ample and adequate opportunities to litigate his constitutional and statutory challenges both before and after conclusion of the proceedings.

Plaintiff has not established any grounds that would allow the Court to disregard abstention. Therefore, his request for injunctive relief, seeking the intervention of this Court into his on-going state court prosecution, should be dismissed as frivolous pursuant to the *Younger* Doctrine.

### *Conclusion and Recommendation*

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that the Motion to Preserve Rights [Rec. Doc.

6], Motion for Status Hearing of Pre-Trial Investigation and Motion to Rebut Pre-Conspiracy, Motion for Stay Order, Motion for Pre-Trial Exoneration, and Motion to Seal Documents [Rec. Doc. 11] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana April 24, 2018.

                                           **PATRICK J. HANNA**
                            **UNITED STATES MAGISTRATE JUDGE**